# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal Action No.: 04-0049 (RMU) |
| v. | : | |
| | : | Document No.:     84 |
| CHARLES K. BOOKER, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

### DENYING THE DEFENDANT'S MOTION TO VACATE CONVICTION
### AND SENTENCE PURSUANT TO 28 U.S.C. § 2255

### I. INTRODUCTION

Pending before the court is the defendant's *pro se* motion pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence. The defendant was convicted on a four-count indictment for unlawful distribution of cocaine base, in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(C) (Count One); unlawful possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(C) (Count Two); using, carrying, or possessing a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924 (c)(1)(A)(i) (Count Three); and unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922 (g)(1) and 924 (e)(1) (Count Four). The court sentenced him to 30 years in prison. The defendant now claims ineffective assistance of counsel because his attorney failed to conduct an independent investigation to challenge the government's evidence and witnesses. The court denies the defendant's motion to vacate the conviction and sentence because the motion is time barred under 28 U.S.C. § 2255.

## II.  BACKGROUND

### A.  Factual History

The undisputed facts in this case are as follows: on January 7, 2004, Officer Sylvan Alteiri from the District of Columbia Metropolitan Police Department conducted a "buy-bust" operation in the 1200 block of Howison Place, S.W.  Gov't's Opp'n to Def.'s Mot. to Vacate ("Gov't's Opp'n") at 4-5.  As soon as Officer Altieri approached the defendant and expressed interest in purchasing crack cocaine, the defendant jogged north on Howison Place and returned a few seconds later with a soft pack of Newport cigarettes.  *Id.* at 5-6.  From the pack, the defendant handed the officer a small, pink ziplock bag in exchange for $20 in pre-recorded funds.  *Id.* at 6.  A field test of the substance in the ziplock bag revealed that the substance was cocaine.  *Id.*

After the transaction, Officer Alteiri drove away and transmitted a description of the defendant's appearance and clothing to a nearby squad car that arrived on the scene within minutes.  *Id.*  After initially questioning the defendant, Officers Smalls and James and Investigator Penn began to look for the Newport pack in the direction where Officer Alteiri had seen the defendant retrieve the drugs.  *Id.* at 7.  About 50 to 80 feet up the street, Officer Penn found the Newport pack under a bush and saw a handgun "right beside" the cigarette pack.  *Id.* at 8.  Officer Smalls then searched the defendant and recovered the pre-recorded $20 bill and $126 in other U.S. currency.  *Id.*

On February 5, 2004, the grand jury returned a three-count indictment against the defendant.  *Id.* at 2.  On February 10, 2004, the grand jury issued a superseding indictment charging appellant with a four-count indictment.  *Id.*  At trial, the prosecution introduced evidence that the Newport pack contained 35 pink ziplock bags containing a total of 3.8 grams of

cocaine base, 75% pure. *Id.* at 9. The only fingerprint evidence recovered from the Newport pack did not match the defendant's prints. *Id.* In addition, the prosecution introduced the loaded 9mm handgun found next to the drugs. *Id.* No fingerprints were recovered from the gun, and the gun did not bear any dirt, frost or oil, indicating that it had not lain on the ground for very long. *Id.* Mark Stone, the government's drug expert, testified that there is a link between guns and drug trafficking. *Id.* at 10. The prosecution also introduced testimony that the defendant had been arrested twice in the previous three years for distribution of cocaine base, once using the same *modus operandi* (concealing multiple ziplock bags in a Newport pack). *Id.* at 10-11.

The defense counsel only called one witness, a private investigator, who introduced photographs of the neighborhood where the defendant was arrested. *Id.* at 12. The investigator testified that a person standing where Officer Alteiri was parked would not have had a clear view of the wall where the drugs and handgun were recovered. *Id.* He also testified that the stash was approximately 80 feet away from the location of the buy-bust, contradicting Officer Alteiri's testimony that the stash was 50 feet away. *Id.*

### B. Procedural History

On May 10, 2004, the jury returned a guilty verdict as to each of the four counts against the defendant. Gov't's Opp'n at 3. A week later, the defendant moved for a judgment of acquittal or, in the alternative, for a new trial claiming that the government had failed to prove that (1) the substance distributed and possessed was crack cocaine; (2) the government improperly introduced hearsay evidence concerning a prior sale of cocaine; and (3) the evidence was insufficient to support the jury's conclusion that he possessed a firearm in relation to a drug-trafficking crime. *United States v. Booker*, 2005 WL 1848169, at *13-14 (D.C. Cir. 2005). In a separate addendum, the defendant also argued that the testimony of the government's drug

expert exceeded his expertise and lacked a scientific base.  *Id.*  The District Court denied both motions.  Gov't's Opp'n at 3.

Six months later, the court imposed a guideline sentence of 240 months on Count One, 240 months on Count Two, 60 months on Count Three and 360 months on Count Four.  *Id.*  The terms of Counts One, Two and Four were to run concurrently, while Count Three was to run consecutively to the other counts.  *Id.*  The defendant filed a motion to declare the guidelines unconstitutional and for an appropriate non-guidelines sentence.  *Id.*  On appeal, the defendant also argued that the government's evidence was insufficient to support a finding that he had constructively possessed the handgun.  *United States v. Charles K. Booker*, 436 F.3d 238, 242 (D.C. Cir. 2006).  On February 3, 2006, the D.C. Court of Appeals remanded the case back to this court for re-sentencing in light of the Supreme Court's decision in *United States v. Freddie Booker*, 543 U.S. 220 (2005).  Gov't's Opp'n at 4.  The Court of Appeals also held that the evidence was sufficient to support a finding that the defendant "constructively possessed" the handgun.  *Id.*  Subsequently, on April 25, 2006, this court imposed an alternative, non-guideline sentence of 30 years based on the record and without holding a hearing.  *Id.*  On May 5, 2006, the defendant filed a motion for the court to vacate its sentence and grant a resentencing hearing.  The court granted a hearing but did not vacate the sentence.  Order (Sept. 21, 2006).  On January 9, 2007, the court held a resentencing hearing and orally affirmed the sentence entered on April 25, 2006.  Min. Order (Jan. 9, 2007).  On March 26, 2007, the court issued a written order affirming the April 25, 2006 sentence and memorializing the result of the January 9, 2007 hearing.  Order (Mar. 26, 2007).

On June 15, 2007, the defendant filed the present motion to vacate the conviction and sentence pursuant to 28 U.S.C. § 2255 claiming that he received ineffective assistance of

counsel, that the government violated his Fifth Amendment due process rights for Counts Three and Four and that the indictment was unconstitutionally amended. The government filed an opposition. The court now turns to the defendant's motion.

### III. ANALYSIS

#### 1. Legal Standard for Motions Under §2255

A person may challenge the validity of his sentence under 28 U.S.C. § 2255 by moving the court that imposed the sentence to "vacate, set aside, or correct the sentence." 28 U.S.C. § 2255; *see also Daniels v. United States*, 532 U.S. 374, 377 (2001); *Wilson v. Office of Chairperson, D.C. Bd. of Parole*, 892 F. Supp. 277, 279 n.1 (D.D.C. 1995) (holding that "it is well settled in this jurisdiction and elsewhere that § 2255 will lie only to attack the imposition of a sentence and that an attack on the execution thereof may be accomplished only by way of habeas corpus in the district of confinement") (quoting *Hartwell v. United States*, 353 F. Supp. 354, 357-58 (D.D.C. 1972)).

Section 2255 authorizes the sentencing court to discharge or resentence a prisoner if the court concludes that it was without jurisdiction to impose the sentence, the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack 28 U.S.C. § 2255; *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (noting that "[t]his statute was intended to alleviate the burden of habeas corpus petitions filed by federal prisoners in the district of confinement, by providing an equally broad remedy in the more convenient jurisdiction of the sentencing court") (citing *United States v. Hayman*, 342 U.S. 205, 216-17 (1952)). A defendant can collaterally attack his sentence under section 2255 when the

5

sentencing judge made an "objectively ascertainable error." *King v. Hoke*, 825 F.2d 720, 724-25 (2d Cir. 1987) (citing *Addonizio*, 442 U.S. at 187).

The person seeking to vacate his sentence shoulders the burden of sustaining his contentions by a preponderance of the evidence. *United States v. Simpson*, 475 F.2d 934, 935 (D.C. Cir. 1973); *accord Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000). Relief under section 2255, however, is an extraordinary remedy. *Addonizio*, 442 U.S. at 184; *United States v. Pollard*, 959 F.2d 1011, 1020 (D.C. Cir. 1992).

### 2. The Defendant's § 2255 Motion is Time Barred

The defendant argues that he received ineffective assistance of counsel in violation of his Sixth Amendment rights. *See generally* Def.'s Mot. First, he claims that the police's sloppy work necessitated an independent investigation by his counsel. *Id.* More specifically, the defendant avers his counsel failed to match the fingerprints to another suspect.[1] *Id.* at 5-6. The defendant further asserts that his counsel failed to hire an expert witness to counter the government's conclusion that drugs and firearms are closely linked. *Id.* at 5. Likewise, the defendant alleges that his counsel failed to address numerous contradictions within the testimony of government witnesses. *Id.* Lastly, he claims that his counsel's failure to call key witnesses to testify on his behalf – including the female that accompanied him during the buy-bust and the man in the sports utility vehicle – deprived him of effective representation. *Id.* at 4-7.

In response, the government points out that the defendant's counsel zealously argued the defendant's case by presenting pre-trial motions to suppress 404(b) evidence, obtaining

---

1  The defendant claims that there is a reasonable probability that the jury would have acquitted him of "all [alleged] wrong doing" if his counsel had shown that the guns and drugs belonged to the person whose fingerprints were on the Newport pack or that the arresting team planted the evidence. Def.'s Mot. at 6-7; Reply at 4.

6

discovery, thoroughly cross-examining the government's witnesses and presenting persuasive opening and closing arguments.[2]  Gov't's Opp'n at 15-26.  The government further argues that the defendant has not identified an expert witness or even proffered the basis for an opposing opinion.  *Id.* at 18.  Even if the expert had been identified, the decision to call witnesses is a tactical decision over which the defense attorney has discretion.  *Id.* at 19.  Lastly, the government submits that the defendant fails to outline what information the potential witnesses would have provided, and whether such information, assuming its admissibility in court, would have produced a different result.  *Id.* at 17.

In their briefs, both parties omit any discussion of the applicability of the one-year statute of limitations that applies to § 2255 motions.  *See United States v. Shelton*, 539 F. Supp. 2d 259, 266-67 (D.D.C. 2008).  Effective April 24, 1996, Congress enacted a one-year statute of limitation on the filing of § 2255 motions in the Antiterrorism and Effective Death Penalty Act ("AEDPA").  *United States v. Latney*, 131 F. Supp. 2d 31, 32 (D.D.C. 2001); *see also United States v. Cicero*, 214 F.3d 199 (D.C. Cir. 2000) (observing that prior to the effective date of the AEDPA a prisoner could file a motion under § 2255 at almost any time).  The limitation period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by the governmental action in violation of the Constitution of laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the

---

2   The government observes that, throughout the trial, the defendant's counsel urged that the government's evidence could not be trusted and that there were too many inconsistencies and loose ends to warrant a finding of guilt beyond a reasonable doubt.  Gov't's Opp'n at 33.

date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  *Latney*, 131 F. Supp. 2d at 32; 28 U.S.C. § 2255 (f)(1)-(4).

A criminal defendant must file his notice of appeal within ten days after entry of the judgment.  *See* FED. R. APP. P. 4(b)(1)(A)(I).  If a criminal defendant does not appeal, the judgment of conviction becomes final when the time period for filing an appeal expires, ten days after entry of the judgment.  *See, e.g.*, *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) (holding that "for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires"); *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir .2004) (same); *United States v. Parker*, 2007 WL 2506443, at *1 (D.D.C. Aug. 31, 2007) (same); *Baylor v. United States*, 314 F. Supp. 2d 47, 51 (D.D.C. 2004) (same).

"Section 2255 permits a prisoner additional time for filing a § 2255 motion only if one of the exception enumerated in § 2255 is met."  *Knight*, 498 F. Supp. 2d at 325.  Although this circuit has not decided whether this limitation is generally subject to equitable tolling, other circuits have announced some general principles for determining whether the facts in a particular case justify tolling the limitations.  *Cicero*, 214 F.3d at 203 (declining to consider tolling the time limit where the defendant failed to allege any compelling circumstances surrounding the untimeliness of his § 2255 motion).  Accordingly, "equitable tolling, which is to be employed 'only sparingly' in any event . . . has been applied in the context of the AEDPA only if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."  *Id.* (internal citations omitted).

Here, the defendant's judgment was entered on April 25, 2006. Although the court granted a motion for a hearing, it did not explicitly vacate the judgment nor did it issue a new judgment later. It simply affirmed the April 25, 2006 judgment. *See United States v. Booker*, 436 F.3d 238, 245 (D.C. Cir. 2006) (explaining that "after a final judgment has been entered in a case, the entry of a second final judgment in the same case does not vacate the first, and if there is nothing to show that the first is vacated, then the second is a nullity") (quoting 46 AM. JUR. 2D *Judgments* § 9, at 378 (2005)). This circuit has been crystal clear that "when a final judgment has once been entered, no second or different judgment may be rendered . . ., until the first shall have been vacated and set aside or reversed on appeal or error." *Id.* at 245 (quoting 49 C.J.S. *Judgments* § 76, at 150-51 (2005)). The defendant's judgment therefore became final on May 10, 2006, ten business days after the defendant's judgment was issued on April 25, 2006. Because the defendant in this case did not appeal his sentence, the one-year statute of limitations began to run on May 10, 2006.

The defendant filed his § 2255 motion on June 15, 2007, 36 days after the statute of limitations had expired. At no point does the defendant challenge the finality of his conviction or argue that the one-year statute of limitation should not have expired on May 10, 2006. Nor does he allege any "extraordinary circumstances" sufficient to warrant equitable tolling. *Cicero*, 214 F.3d at 205 (suggesting that a prisoner's ignorance of the law or unfamiliarity with the legal process will not excuse his untimely filing, nor will lack of representation during the applicable filing period). Indeed, absent extraordinary circumstances, the pendency of a motion challenging a judgment will not toll the statute of limitations. *See United States v. Prescott*, 221 F.3d 686, 689 (4th Cir. 2000) (holding that pendency of a motion for a new trial under Rule 33 does not toll the one-year statute of limitations for filing a motion to vacate).

9

The issues the defendant wished to bring to the court's attention in the resentencing hearing concerned questions pertinent to guideline calculations and sentencing enhancements, not any of the issues raised in his § 2255 motion. *See generally* Def.'s Mot. for Hearing on Re-Sentencing. Therefore, it can be said that the defendant's current predicament "originated not in his decision to request" a hearing "but his inattention to the limitation period of § 2255." *Prescott*, 221 F.3d at 688. The defendant had a year and ten days from the April 25, 2006 judgment and four months from the January 9, 2007 oral affirmation of his sentence to file a § 2255 motion. He failed to do so. As a result, the court concludes that the one-year statute of limitations bars the defendant's instant motion.

## IV. CONCLUSION

For the foregoing reasons, the court denies the defendant's § 2255 motion. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 11th day of July, 2008.

RICARDO M. URBINA
United States District Judge