UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | Criminal Action No.: 04-0049 (RMU) |
| v. : | |
| : | Document No.: 97 |
| CHARLES K. BOOKER, : | |
| : | |
| Defendant. : | |

FILED

MAY 7 - 2009

NANCY MAYER WHITTINGTON, CLERK
U.S DISTRICT COURT

## MEMORANDUM OPINION

### DENYING THE DEFENDANT'S MOTION FOR RECONSIDERATION

### I. INTRODUCTION

This matter is before the court on the defendant's motion for reconsideration. The court sentenced the defendant to thirty years in prison upon his conviction on a four-count indictment for unlawful distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count One); unlawful possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count Two); using, carrying, or possessing a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Three); and unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (Count Four). The court denied the defendant's motion to vacate the conviction under 28 U.S.C. § 2255, concluding that it was time-barred. The defendant now asks the court to reconsider this ruling. Because the court correctly determined that the defendant's action was time-barred, it denies the defendant's motion for reconsideration.

## II. FACTUAL & PROCEDURAL BACKGROUND

Because the court discussed the details of this case in the memorandum opinion issued on July 11, 2008, the court will only briefly summarize them here. *See* Mem. Op. (July 11, 2008). The defendant was involved in a "buy-bust" operation in which an undercover police officer purchased cocaine from the defendant using prerecorded funds. *Id.* at 2. The grand jury charged the defendant in the four-count indictment, and after a trial, the jury returned a guilty verdict against the defendant on each of the four counts. *Id.* at 2-3. The defendant subsequently moved for an acquittal or, in the alternative, a new trial; the court denied both requests. *Id.* at 3-4.

On October 26, 2004, the court imposed a sentence of 240 months on Count One, 240 months on Count Two, 60 months on Count Three and 360 months on Count Four, which was within the United States Sentencing Guidelines range. *Id.* at 4. The sentences for Counts One, Two and Four were to run concurrently, while the sentence for Count Three was to run consecutively to the other counts. *Id.* The defendant filed an unsuccessful motion to declare the guidelines unconstitutional. *Id.* The defendant then appealed, arguing that the government's evidence was insufficient to support his convictions on Counts Three and Four. *United States v. Booker*, 436 F.3d 238, 241-43 (D.C. Cir. 2006). On February 3, 2006, the D.C. Circuit upheld the convictions, but remanded the case to this court for resentencing in accordance with the Supreme Court's intervening decision in *United States v. (Freddie) Booker*, 543 U.S. 220 (2005).[1] *Booker*, 436 F.3d at 243-47. On April 25, 2006, this court imposed an alternative, non-guidelines sentence of thirty years. Mem. Order (Apr. 25, 2006). While the court granted an

---

[1] In *United States v. (Freddie) Booker*, the Supreme Court held that the United States Sentencing Guidelines were no longer mandatory and that courts should apply this principle retroactively to all cases pending on direct review. 543 U.S. 220, 246, 268 (2005).

additional request from the defendant by holding a resentencing hearing, it did not vacate the sentence originally imposed. Order (Sept. 21, 2006).

The defendant filed a motion on June 15, 2007 to vacate the conviction and sentence pursuant to 28 U.S.C. § 2255. Mem. Op. (July 11, 2008) at 4. The court issued a memorandum opinion and order denying the motion. *Id.* More specifically, the court concluded that the defendant's motion was time-barred based on the one-year statute of limitations for motions filed under 28 U.S.C. § 2255. *Id.* at 7-10 The defendant filed a motion for reconsideration on July 21, 2008, asking that the court reconsider its July 11, 2008 memorandum opinion and order. Def.'s Mot. The court now turns to the defendant's motion for reconsideration.

### III. ANALYSIS

#### A. Legal Standard for a Motion for Reconsideration

Although motions for reconsideration are not mandated by the Federal Rules of Criminal Procedure, the Supreme Court has "recognized the appropriateness" of such motions in criminal cases, *United States v. Healy*, 376 U.S. 75, 78 (1964), and noted the "wisdom of giving district courts the opportunity promptly to correct their own alleged errors," *United States v. Dieter*, 429 U.S. 6, 8 (1976). To prevail on a motion for reconsideration, the moving party must demonstrate either that (1) there has been an intervening change in controlling law, (2) there is new evidence, or (3) there is a need to correct clear error or prevent manifest injustice. *United States v. Ferguson*, 574 F. Supp. 2d 111, 113 (D.D.C. 2008); *United States v. Libby*, 429 F. Supp. 2d 46, 47 (D.D.C. 2006).

Arguments that could have been, but were not, raised previously and arguments that the court has already rejected are not appropriately raised in a motion for reconsideration. *See, e.g.,*

*Ferguson*, 574 F. Supp. 2d at 112 (D.D.C. 2008) (citing *Carter v. Wash. Metro. Area Transit Auth.*, 503 F.3d 143, 145 n.2 (D.C. Cir. 2007)) (declining to reach the merits of the movant's argument on her motion for reconsideration because she raised the argument for the first time despite the fact that she could have presented it while the case was pending); *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (remarking that "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been raised during the pendency of the previous motion")).

### B. The Court Denies the Defendant's Motion for Reconsideration

The defendant asserts that the one-year period within which he was permitted to file his § 2255 motion began to run ninety days after the court issued the non-guidelines sentence of 30 years on April 25, 2006. Def.'s Mot. at 3. In support of this assertion, the defendant relies on *Clay v. United States*, 537 U.S. 522 (2003), which he interprets as mandating that "if a prisoner does not file a petition for a writ of certiorari, judgment becomes final when the time for filing a petition for a writ of certiorari expires, 90 days after the judgment or decree," Def.'s Mot. at 3.

The defendant's reliance on *Clay*, however, is misplaced. In *Clay*, the Supreme Court's application of a ninety-day time limit for a petition for certiorari was specific to cases pending appeal in the Supreme Court. *See Clay*, 537 U.S. at 525 (applying a ninety-day time period for certiorari petitions pursuant to Supreme Court Rule 13(1) (which specifies that the rule applies to "a judgment in any case . . . entered by a state court of last resort or a United States court of appeals")). In this case, the defendant was obligated to file his notice of appeal within ten days after the entry of judgment pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A). FED. R. APP. P. 4(b)(1)(A) (stating that "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of . . . the entry of either the judgment or the

order being appealed; or . . . the filing of the government's notice of appeal"). Because the defendant failed to file a notice of appeal within this period, the judgment became final when the time for filing a direct appeal expired on May 10, 2006. *See, e.g., Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) (holding that an unappealed judgment becomes final for the purpose of a § 2255 motion when the time for filing a direct appeal expires); *United States v. Parker*, 2007 WL 2506443, at *1 (D.D.C. Aug. 31, 2007); *McCants v. United States*, 480 F. Supp. 2d 276, 278 (D.D.C. 2007). The court correctly applied these standards in its July 11, 2008 memorandum opinion and order.

The defendant also argues that the January 9, 2007 resentencing hearing "established the district court as not yet having disassociated itself from the case and making the case not yet finalized as to the timeliness of the defendant's § 2255 motion." Def.'s Mot. at 5-6. In support of this argument, the defendant relies on *United States v. Colvin*, a Ninth Circuit case. 204 F.3d 1221 (9th Cir. 2000). Aside from the fact that this precedent is not binding on the court, *Colvin* does not apply to this case, as it addresses amended judgments entered on remand following direct appeal. *See generally Colvin*, 204 F.3d 1221.

Here, the court did not amend the judgment; it merely affirmed the judgment previously entered on April 25, 2006. Indeed, at the resentencing hearing on January 9, 2007, the court explicitly stated as such. The D.C. Circuit has specifically held that "when a final judgment has once been entered, no second or different judgment may be rendered . . . until the first shall have been vacated and set aside or reversed on appeal or error." *Booker*, 436 F.3d at 245 (quoting 48 C.J.S. *Judgments* § 76, at 150-51). Thus, as the court correctly stated in its July 11, 2008 memorandum opinion, the one-year statute of limitations began to run on May 10, 2006, the date

the judgment became final. As a result, the defendant's § 2255 motion, filed on June 19, 2007, was time-barred.

## IV. CONCLUSION

For the foregoing reasons, the court denies the defendant's motion for reconsideration. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 7th day of May, 2009.

RICARDO M. URBINA
United States District Judge