# United States Court of Appeals
### For The District of Columbia Circuit

**No. 16-3018**                                                 **September Term, 2015**

1:04-cr-00049-RMU

Filed On: June 10, 2016

In re: Charles Booker,

    Petitioner

**FILED JUN 1 0 2016**
Clerk, U.S. District & Bankruptcy Courts for the District of Columbia

**BEFORE:**     Griffith, Srinivasan, and Millett, Circuit Judges

### O R D E R

Upon consideration of the petition for leave to file a second or successive motion pursuant to 28 U.S.C. § 2255 and the emergency supplemental motion, the response thereto, and the reply; and the motions for leave to proceed in forma pauperis, it is

**ORDERED** that the motions for leave to proceed in forma pauperis be granted.  It is

**FURTHER ORDERED** that the petition for leave to file a second or successive motion pursuant to 28 U.S.C. § 2255 be granted.  Petitioner challenges his sentence under the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), which the Supreme Court held was unconstitutionally vague in Johnson v. United States, 135 S. Ct. 2551 (2015).  Petitioner also alleges his sentence as a career offender under U.S.S.G. § 4B1.1 was based on the residual clause in U.S.S.G. § 4B1.2(a)(2), which is identical to the residual clause in § 924(e).  Petitioner has made a prima facie showing that his claims rely on a new, previously unavailable rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.  See 28 U.S.C. § 2244(b); Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

The Clerk is directed to transmit the petition and emergency supplemental motion to the district court for filing as an "abridged" motion pursuant to 28 U.S.C. § 2255.  See Standing Order of the U.S. District Court for the District of Columbia issued June 2, 2016.  The petition for leave to file a second or successive § 2255 motion was filed within one year of the Supreme Court's June 26, 2015 Johnson decision, so the "abridged" motion shall be deemed timely filed in district court.  Petitioner is subject to further compliance with the district court's standing order.  This court expresses no opinion as to the merits of petitioner's claims.  See In re Williams, 759 F.3d 66, 72 (D.C. Cir. 2014).

**Per Curiam**

                                    **FOR THE COURT:**
                                    Mark J. Langer, Clerk

                BY:     /s/
                          Robert J. Cavello
                          Deputy Clerk