UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
UNITED STATES OF AMERICA,               )
                                        )
        v.                              )        Criminal Action No. 04-0049 (PLF)
                                        )        Civil Action No. 16-1107 (PLF)
CHARLES BOOKER,                         )
                                        )
        Defendant.                      )
_____)

OPINION AND ORDER

        The matter before the Court is defendant Charles Booker's motion to vacate his

sentence under 28 U.S.C. § 2255.  Booker asks this Court to vacate his sentence in light of the

Supreme Court's decisions in Johnson v. United States, 135 S. Ct. 2551 (2015), and Welch v.

United States, 136 S. Ct. 1257 (2016).  Upon consideration of the parties' briefs and the relevant

legal authorities, the Court will grant Booker's motion and schedule a resentencing.[1]

I.  FACTUAL AND PROCEDURAL BACKGROUND

        In 2004, a jury convicted Booker of:  (1) unlawful distribution of cocaine base, in

violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) ("Count 1"); (2) unlawful possession with intent to

distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) ("Count 2"); (3) use of a

---

        [1]        The papers reviewed in connection with the pending motion include:  Defendant's
Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal
Custody ("Motion to Vacate") [Dkt. 106]; Defendant's Supplemental Motion to Vacate
Judgment Under 28 U.S.C. § 2255 ("Supp. Motion") [Dkt. 110]; United States' Response to
Defendant's Motion and Supplemental Motion to Vacate Judgment Under 28 U.S.C. § 2255
("United States' Response") [Dkt. 113]; and Defendant's Reply Memorandum in Support of
Motion and Supplemental Motion to Vacate Judgment Under 28 U.S.C. § 2255 ("Reply
Memorandum") [Dkt. 115].

firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c) ("Count 3"); and

(4) possession of a firearm by a prior convicted felon, in violation of 18 U.S.C. § 922(g)

("Count 4").  Judgment at 1 (Nov. 2, 2004) [Dkt. 63].  At sentencing, Judge Ricardo Urbina

adopted the findings and conclusions in the presentence investigation report ("PSR") that Booker

was an armed career criminal under the Armed Career Criminal Act ("ACCA") and a career

offender under the U.S. Sentencing Guidelines ("U.S.S.G.") § 4B1.2 ("career offender

provision").  Sentencing Tr. at 14 (Oct. 26, 2004) [Dkt. 69].

       Under ACCA, a defendant convicted of a violation of 18 U.S.C. § 922(g) is

subject to a mandatory minimum of 15 years if the sentencing court determines that the

defendant has three prior convictions for a violent felony or a serious drug offense.  18 U.S.C.

§ 924(e)(1).  Under the career offender provision of the Sentencing Guidelines, the sentencing

court must increase the base offense level of a defendant convicted of a felony crime of violence

or a felony controlled substance offense if the court finds that the defendant has at least two prior

felony convictions of either a crime of violence or a controlled substance offense.  U.S.S.G.

§§ 4B1.1(a), 4B1.2.  Neither Judge Urbina nor the Probation Office in the PSR identified which

prior convictions they relied upon to increase Booker's sentence under ACCA or the career

offender provision.  The PSR lists Booker's relevant prior felony convictions as:  (1) attempted

robbery in the District of Columbia, (2) second-degree assault in Maryland, and (3) possession

with intent to distribute cocaine in the District of Columbia.

       In 2004, under the then-mandatory Sentencing Guidelines, Judge Urbina initially

sentenced Booker to 35 years' imprisonment, applying an offense level increase for a career

offender under U.S.S.G. § 4B1.2 and a 15-year mandatory minimum on Count 4, the Section

922(g) count, as required by ACCA.  Judgment at 2; Sentencing Tr. at 14-15.  Judge Urbina

imposed a sentence of 240 months on Count 1, 240 months on Count 2, 360 months on Count 4 — all to run concurrently — and 5 years on Count 3 (the consecutive mandatory minimum required by 18 U.S.C. § 924(c)).  Booker appealed his conviction and sentence to the U.S. Court of Appeals for the District of Columbia Circuit, which vacated his sentence in light of the Supreme Court's holding in United States v. Freddie Booker, 543 U.S. 220 (2005), that the Sentencing Guidelines are advisory.  See United States v. Booker, 436 F.3d 238, 243, 246 (D.C. Cir. 2006).

On remand and without a hearing, Judge Urbina imposed an aggregate 30-year sentence:  120 months on Counts 1 and 2, to run concurrently; 180 months on Count 4 under ACCA, to run consecutively to Counts 1 and 2; and the mandatory minimum 5 years on Count 3, to run consecutively to all other counts.  Memorandum Order at 2 (Apr. 25, 2006) [Dkt. 74]; Amended Judgment at 2 (Apr. 25, 2006) [Dkt. 75].  Judge Urbina also imposed three years of supervised release on Counts 1, 2, and 4, and five years of supervised release on Count 3, all of which were to run concurrently.  Amended Judgment at 3.  At Booker's request, Judge Urbina subsequently held a resentencing hearing where he determined that 30 years was a "totally appropriate sentence" in light of Booker's status as a career offender, his criminal history, and other relevant factors.  Resentencing Tr. at 7-8 (Jan. 9, 2007) [Dkt. 105].  He intended the sentence to be "less harsh than [he] felt was dictated by the sentencing guidelines, but which was nevertheless appropriate in light of the totality of the circumstances."  Id. at 6.

Booker filed this Section 2255 motion in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551, made retroactive by Welch v. United States, 136 S. Ct. 1257.  Prior to Johnson, ACCA defined a violent felony as any felony that:  (1) has as an element the use, attempted use, or threatened use of physical force against the person of another;

(2) is burglary, arson, or extortion, [or] involves use of explosives; or (3) otherwise involves

conduct that presents a serious potential risk of physical injury to another.  18 U.S.C.

§ 924(e)(2)(B).  These are known respectively as the "elements clause," the "enumerated

clause," and the "residual clause."  See Welch v. United States, 136 S. Ct. at 1261; United States

v. Redrick, 841 F.3d 478, 480 (D.C. Cir. 2016).  In Johnson, the Supreme Court held that

ACCA's residual clause is unconstitutionally vague and violates due process.  135 S. Ct. at 2557,

2563.  The following year, the Supreme Court determined that the holding in Johnson announced

a new, substantive constitutional rule that applied retroactively to cases on collateral review.

Welch v. United States, 136 S. Ct. at 1264-65.  Because the residual clause of U.S.S.G. § 4B1.2

is identical to the residual clause of ACCA, the D.C. Circuit has held that the residual clause of

Section 4B1.2 is also void for vagueness.  United States v. Sheffield, 832 F.3d 296, 312-13 (D.C.

Cir. 2016).  The Supreme Court subsequently granted certiorari in Beckles v. United States to

resolve a circuit split over whether the residual clause of U.S.S.G. § 4B1.2 is void for vagueness

and, if so, whether such a rule should be applied retroactively to reach cases on collateral review.

See 616 Fed. App'x 415 (11th Cir. 2015), cert. granted, 136 S. Ct. 2510 (2016).

On June 3, 2016, Booker filed a pro se Section 2255 motion.  See Motion to

Vacate.  Because this is the second Section 2255 motion that Booker has filed, he was required

to seek authorization from the D.C. Circuit to file a second or successive petition.  See 28 U.S.C.

§ 2255(h).[2]  The D.C. Circuit determined that Booker had made "a prima facie showing that his

claims rely on a new, previously unavailable rule of constitutional law, made retroactive to cases

on collateral review by the Supreme Court," and granted his petition for leave to file a second or

successive Section 2255 motion in light of Johnson.  Order, No. 16-3018 at 1 (June 10, 2016)

[Dkt. 107].  Now represented by the Federal Public Defender for the District of Columbia,

Booker filed a supplemental motion to vacate his sentence on October 26, 2016.

## II.  DISCUSSION

A federal prisoner may file a motion to vacate, set aside, or correct a sentence that

was imposed "in violation of the Constitution or laws of the United States . . . or was in excess of

the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C.

§ 2255(a).  Booker argues that after Johnson, he no longer qualifies as an armed career criminal

under ACCA or as a career offender under U.S.S.G. § 4B1.2.  Supp. Motion at 1.  The

government agrees that Booker no longer qualifies as an armed career criminal under ACCA, but

it argues that he has not shown that his sentence was increased under the residual clause of

ACCA that the Supreme Court found unconstitutional in Johnson.  United States' Response at

---

[2]        In 2007, Booker filed a Section 2255 motion alleging ineffective assistance of
counsel.  Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person
in Federal Custody (June 15, 2007) [Dkt. 84].  Judge Urbina denied the motion and Booker's
later motions for reconsideration.  See Order (July 11, 2008) [Dkt. 95]; Memorandum Opinion
(July 11, 2008) [Dkt. 96]; Memorandum Opinion (May 7, 2009) [Dkt. 98]; Order (May 7, 2009)
[Dkt. 99].  In 2014, Booker also filed a pro se motion under 28 U.S.C. § 2241 in the Eastern
District of Virginia.  See generally Booker v. Wilson, No. 14-cv-01085.  That court stayed the
case pending the Supreme Court's decision in Mathis v. United States, 136 S. Ct. 2243 (2016).
This Court will consider Booker's motion irrespective of the pending case in Virginia because
his Section 2255 motion is properly before this Court, and the government has asked this Court
to resolve this matter notwithstanding the pending Section 2241 motion.  See United States'
Response at 24-25.

16-18.[3]  Before reaching the merits of Booker's motion, the Court will consider this argument,

the statutory procedural requirements, and procedural default.

### A. Statutory Procedural Requirements

According to the government, Booker's motion is not based on Johnson, and he

therefore is not entitled to relief under 28 U.S.C. § 2255 because he cannot show that "his ACCA

sentence was infected by constitutional error — i.e., that the sentencing court relied on the

residual clause of the ACCA struck down" in Johnson.  United States' Response at 16.  The

government is correct that the record is unclear as to whether Judge Urbina relied on the

elements clause or the residual clause in finding that Booker was an armed career criminal, but

this is neither unsurprising nor fatal.  First, judges are not required by law to state at sentencing

whether they are relying on the residual clause or the elements clause.  See In re Chance, 831

F.3d 1335, 1340 (11th Cir. 2016); Shabazz v. United States, No. 3:16-cv-1083 (SRU), 2017 WL

27394, at *5 (D. Conn. Jan. 3, 2017).  Second, there was no practical reason for judges to make

this distinction at sentencing prior to June 26, 2015, when the Supreme Court decided that the

residual clause was void for vagueness.  See Shabazz v. United States, 2017 WL 27394, at *5;

Diaz v. United States, No. 1:16-cv-0323-MAT, No. 1:11-cr-0381-MAT, 2016 WL 4524785, at

*5 (W.D.N.Y. Aug. 30, 2016).  Prior convictions that were not violent felonies under the

---

[3]        According to the government, Booker is not entitled to relief under 28 U.S.C.
§ 2255 because his motion is not based on Johnson.  See infra at 6-8.  The government suggests,
however, that this Court may construe Booker's motion as having been brought under 28 U.S.C.
§ 2241 to correct only his ACCA sentence on Count 4, the Section 922(g) count.  United States'
Response at 2-3, 22-24.  A defendant must file a writ of habeas corpus under Section 2241 in the
district in which he is confined.  In re Smith, 285 F.3d 6, 8 (D.C. Cir. 2002).  Booker is confined
in the Eastern District of Virginia.  In order to allow this Court to consider Booker's motion
under Section 2241, the government has waived the venue and personal jurisdiction requirements
of Section 2241.  United States' Response at 24.

elements clause often fell under the residual clause.  See United States v. Redrick, 841 F.3d at 480 ("The residual clause, as is apparent, sweeps very broadly . . . .").

Two panels of the Eleventh Circuit have suggested that a defendant raising the Johnson career criminal challenge on collateral attack must show that the sentencing judge relied on the residual clause.  See In re Hires, 825 F.3d 1297, 1299 (11th Cir. 2016); In re Moore, 830 F.3d 1268, 1273 (11th Cir. 2016).  A subsequent panel of the Eleventh Circuit and numerous district courts, however, have rejected that same argument — and for good reason.  See In re Chance, 831 F.3d at 1340-41; United States v. Britto, No. 04-CR-143-TCK, 2017 WL 515007, at *1-2 (N.D. Okla. Feb. 8, 2017); United States v. Mims, Nos. 05-20079-01-JWL, 16-2332-JWL, 2017 WL 477091, at *3 (D. Kan. Feb. 6, 2017); Shabazz v. United States, 2017 WL 27394, at *5; Diaz v. United States, 2016 WL 4524785, at *5.

The government's position would create the absurd result that Booker is not entitled to relief under Johnson, but a defendant who filed the same motion and had the same prior convictions would be entitled to relief if the sentencing judge years earlier had "thought to make clear that she relied on the residual clause."  In re Chance, 831 F.3d at 1340.  Such a "selective application of new rules violates the principle of treating similarly situated defendants the same."  Id. at 1341 (quoting Teague v. Lane, 489 U.S. 288, 304 (1989)).  The Court declines to impose the government's reliance requirement because Booker has done all that is required of him:  shown that the sentencing judge *might* have relied on the now unconstitutional residual clause.  See United States v. Mims, 2017 WL 477091, at *3; Diaz v. United States, 2016 WL 4524785, at *5.  To require more would render "*Johnson* relief virtually impossible to obtain." Shabazz v. United States, 2017 WL 27394, at *5.

The government also argues that Booker's motion relies on older cases not made retroactive on collateral review — such as <u>Johnson v. United States</u>, 559 U.S. 133 (2010), and <u>Descamps v. United States</u>, 133 S. Ct. 2276 (2013) — and thus fails to satisfy either 28 U.S.C. § 2255(h)(2) or 28 U.S.C. § 2255(f)(3).  United States' Response at 17-20.  As Booker correctly notes, the government's position conflates (1) authorization to file a second or successive motion under Section 2255(h), (2) the time bar under Section 2255(f)(3), and (3) the merits of the motion.  Reply Memorandum at 13-16.  The D.C. Circuit has already determined that Booker made a prima facie showing that his motion is based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable," and that he therefore was authorized to file a second or successive Section 2255 motion.  Order, No. 16-3018 at 1; <u>see</u> <u>also</u> 28 U.S.C. § 2255(h).  Booker timely filed his Section 2255 motion before June 26, 2016, one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(3).  This Court therefore may review Booker's motion on the merits.  And in order to prevail on the merits of his motion, Booker must show that his convictions are not violent felonies under either the elements clause or the enumerated clause, which remain valid after <u>Johnson</u>.  <u>See</u> Reply Memorandum at 11-12.  To do so, he must necessarily rely on current precedent interpreting ACCA and the elements clause, but this does not convert his <u>Johnson</u> motion into a habeas motion based on older cases.  <u>See</u> <u>In re Adams</u>, 825 F.3d 1283, 1286 (11th Cir. 2016) (per curiam); <u>Shabazz v. United States</u>, 2017 WL 27394, at *6; <u>United States v. Winston</u>, No. 3:01-cr-0079, 2016 WL 2757451, at *3 (W.D. Va. May 11, 2016).

*B. Procedural Default*

On direct appeal, Booker did not challenge his status as an armed career criminal or as a career offender.  "The procedural default rule generally precludes consideration of an argument made on collateral review that was not made on direct appeal, unless the defendant shows cause and prejudice."  United States v. Hughes, 514 F.3d 15, 17 (D.C. Cir. 2008).  A defendant can show cause where a claim was "so novel that its legal basis [was] not reasonably available to counsel" at the time of appeal.  Bousley v. United States, 523 U.S. 614, 622 (1998) (quoting Reed v. Ross, 468 U.S. 1, 16 (1984)).  But a defendant has not established cause simply where a claim was "unacceptable to that particular court at that particular time."  Id. (quoting Engle v. Isaac, 456 U.S. 107, 130 n.35 (1982)).

The government argues that Booker cannot establish cause because his argument that his convictions are not violent felonies under ACCA was neither novel nor unavailable at the time of his appeal.  United States' Response at 20-21.  The D.C. Circuit, however, has noted that "no one . . . could reasonably have anticipated Johnson" in view of the fact that the Supreme Court had affirmed the constitutionality of ACCA's residual clause twice before.  United States v. Redrick, 841 F.3d at 480.  Prior to Johnson, the constitutionality of the residual clause was settled law in numerous circuits.  See United States v. Sabetta, --- F. Supp. 3d ----, 2016 WL 6157454, at *11-12 (D.R.I. Oct. 24, 2016).  Until the Supreme Court announced its new rule in Johnson, Booker did not have a "reasonable basis" upon which to challenge the constitutionality of ACCA's residual clause.  Id.  His claims would have been futile on direct appeal.  This Court therefore concludes that Booker has shown cause.  See, e.g., United States v. Howard, No. 93cr843 JM, Nos. 16cv1538JM, 16cv2709JM, 2017 WL 634674, at *3 (S.D. Cal. Feb. 16, 2017) (concluding that a defendant has shown cause for a Section 2255 motion based on Johnson);

United States v. Bryant, No. 7:12CR00062, 2017 WL 635498, at *4-5 (W.D. Va. Feb. 15, 2017) (same); United States v. Cruz, --- F. Supp. 3d ----, 2017 WL 603176, at *1 (D. Mass. Feb. 14, 2017) (same); Lee v. United States, No. C16-0949JLR, 2017 WL 387391, at *3 (W.D. Wash. Jan. 27, 2017) (same); United States v. Sabetta, 2016 WL 6157454, at *11 (same).

To establish prejudice, a defendant must demonstrate that "there is a reasonable probability that, but for [the errors], the result of the proceeding would have been different." United States v. Pettigrew, 346 F.3d 1139, 1144 (D.C. Cir. 2003) (alteration in original) (citation omitted). The government effectively concedes that Booker has shown prejudice with respect to his ACCA claim by stating that Booker is entitled to relief because he can no longer be considered an armed career criminal. United States' Response at 22-23. Further, ACCA subjected Booker to a 15-year mandatory minimum when the statutory maximum for his conviction under 18 U.S.C. § 922(g) would otherwise have been 10 years. 18 U.S.C. § 924(a)(2).

The government argues that Booker cannot establish prejudice with respect to his sentencing guidelines claim because the Supreme Court has not yet decided whether the residual clause of U.S.S.G. § 4B1.2 is unconstitutional and, if so, whether such a rule is retroactive on collateral review. United States' Response at 21 n.12. It suggests that this Court await the Supreme Court's decision in Beckles before acting. Id. at 25. The D.C. Circuit has held that the residual clause of U.S.S.G. § 4B1.2 is unconstitutional and void for vagueness, but it has not addressed the retroactivity issues. United States v. Sheffield, 832 F.3d at 312-13. This Court need not determine, however, whether Sheffield is retroactive to cases on collateral review in order to conclude that Booker has shown prejudice for the purpose of procedural default.

Even after the Sentencing Guidelines became advisory — as they were at the time of Booker's resentencing — the applicable guidelines sentencing range still often "exert[s] controlling influence on the sentence that the court will impose." Id. at 313 (quoting Peugh v. United States, 133 S. Ct. 2072, 2085 (2013)).  Sentencing courts have been instructed to begin their analysis with the Guidelines and "remain cognizant of them throughout the sentencing process." Gall v. United States, 552 U.S. 38, 50 n.6 (2007).  In Booker's case, the application of the career offender provision of the Sentencing Guidelines more than tripled his potential guidelines sentencing range — from 70 to 87 months to 360 months (30 years) to life.[4] Excluding the five-year consecutive mandatory minimum sentence required by 18 U.S.C. § 924(c), Judge Urbina imposed an aggregate sentence of 25 years or 300 months on the remaining counts.  It is exceedingly unlikely that Judge Urbina would have imposed such a sentence had he known that the applicable guidelines sentencing range was only 70 to 87 months or even 84 to 105 months.  After all, as the Supreme Court has noted, "when a Guidelines range moves up or down, offenders' sentences move with it." Peugh v. United States, 133 S. Ct. at 2084.  Without the application of U.S.S.G. § 4B1.2, this Court finds that there is a reasonable probability that Judge Urbina would have sentenced Booker quite differently, well below the 30

---

[4]        The PSR states that the narcotics offenses of which Booker was convicted involved a total of 2.9 grams of cocaine base, which resulted in a base offense level of 20.  With a criminal history category VI, the applicable guidelines sentencing range would have been 70 to 87 months before applying the career offender provision.  In determining that the offenses involved 2.9 grams of cocaine base, the Probation Office relied upon the drug quantity offered by the government in its receipt and acknowledgement of the PSR.  See Receipt and Acknowledgement of Presentence Investigation Report at 2 (July 2, 2004) [Dkt. 60].  In a memorandum opinion denying Booker's first Section 2255 motion, Judge Urbina stated that the trial testimony indicated that the offenses involved 3.8 grams of cocaine base.  Memorandum Opinion at 2-3 (July 11, 2008).  For 3.8 grams of cocaine base, Booker's applicable offense level would have been 22.  With a criminal history category VI, the applicable guidelines sentencing range would have been 84 to 105 months before applying the career offender provision.

years he imposed.  The effect of the career offender provision on Booker's guidelines sentencing range is sufficient to show prejudice to overcome procedural default.

### C.  Merits of Booker's Section 2255 Motion

Turning to the merits of Booker's motion, he argues that in light of <u>Johnson</u>, he is no longer an armed career criminal under ACCA or a career offender under the Sentencing Guidelines.  Supp. Motion at 3-4.  As noted, a defendant is an armed career criminal under ACCA and subject to a 15-year mandatory minimum if he has been convicted of 18 U.S.C. § 922(g) after having three prior convictions for a violent felony or a serious drug offense.  18 U.S.C. § 924(e)(1).  Although <u>Johnson</u> invalidated ACCA's residual clause, it did not affect the remaining portions of the Act — the elements clause and the enumerated clause.  135 S. Ct. at 2563.  The Court therefore must determine if Booker's prior felony convictions still qualify him as an armed career criminal under the elements clause or the enumerated clause.  <u>See</u> 18 U.S.C. § 924(e)(2)(B).

Booker has three prior felony convictions that are possible predicates under ACCA:  (1) attempted robbery in the District of Columbia, (2) second-degree assault in Maryland, and (3) possession with intent to distribute cocaine in the District of Columbia.  Booker does not contest that his felony conviction for possession with intent to distribute cocaine in the District of Columbia is a serious drug offense for the purposes of ACCA.  Supp. Motion at 25.  Both parties agree, however, that appellate courts already have determined that neither of Booker's remaining convictions are violent felonies under the elements clause.  <u>See id</u>. at 27-28; United States' Response at 22-23.  In <u>United States v. Sheffield</u>, the D.C. Circuit concluded that attempted robbery in the District of Columbia "does not qualify as a crime of violence as a categorical matter."  832 F.3d at 315.  In <u>United States v. Royal</u>, the Fourth Circuit concluded

that a "Maryland second-degree assault conviction does not constitute a predicate 'violent felony'" under ACCA.  731 F.3d 333, 342 (4th Cir. 2013).  Booker's convictions are not burglary, arson, or extortion and do not involve the use of explosives, and thus they do not qualify as violent felonies under the enumerated clause.  See 18 U.S.C. § 924(e)(2)(B)(ii).

The Court finds that Booker has only one prior conviction — possession with intent to distribute cocaine in the District of Columbia — that qualifies under ACCA, and he therefore is not an armed career criminal under 18 U.S.C. § 924(e).  Because Booker is not an armed career criminal, the statutory maximum for his conviction of possession of a firearm by a prior convicted felon (Count 4) is 10 years, but he is currently serving a 15-year mandatory minimum for that offense.  See 18 U.S.C. § 924(a)(2).  On the merits of his motion, Booker has shown that he is serving a sentence that is "in excess of the maximum authorized by law."  28 U.S.C. § 2255(a).

The government argues that this Court should set aside only Booker's mandatory minimum sentence on Count 4, the Section 922(g) count, and not address the application of the career offender provision under the Sentencing Guidelines.  United States' Response at 27.  Both parties acknowledge, however, that this Court has discretion to vacate Booker's entire sentence once it concludes that part of the sentence must be set aside.  Supp. Motion at 17-19; United States' Response at 27-28.  See also United States v. Handa, 122 F.3d 690, 692 (9th Cir. 1997); United States v. Ray, 950 F. Supp. 363, 367 (D.D.C. 1996).  Where a defendant receives a single sentence for multiple counts, the Court construes the sentence as a "package," "reflecting the likelihood that the sentencing judge will have attempted to impose an overall punishment taking into account the nature of the crimes and certain characteristics of the [defendant]."  United States v. Handa, 122 F.3d at 692.  In the context of a Section 2255 motion, this Court may

exercise its discretion to "unbundle" the package and impose a new sentence "reflecting its considered judgment as to the punishment the defendant deserves for the crimes of which he is still convicted."  Id.; see also United States v. Ray, 950 F. Supp. at 367.

For the same reasons that Booker is no longer an armed career criminal, he no longer would have the two requisite felony convictions to be considered a career offender under U.S.S.G. § 4B1.2 if the sentencing took place today under existing case law.  See United States v. Sheffield, 832 F.3d at 315; United States v. Royal, 731 F.3d at 342.  Because the Supreme Court has yet to decide Beckles, the government argues that it would be inequitable "to permit this defendant to benefit from a lower Guidelines range calculation that would be available to him only by virtue of a resentencing ordered in connection with his ACCA claim."  United States' Response at 28-29 (emphasis in original).  The Court disagrees.

Principles of equity support unbundling the sentencing package and imposing a new sentence now because Judge Urbina relied on Booker's status as an armed career criminal in crafting an aggregate sentence of 30 years.  See Resentencing Tr. at 7-8.  Booker has already served 13 years in prison.  Five years were mandatory, but eight years (or 96 months) were within the sentencing judge's discretion.  And, as noted, without the application of the career offender provision, the advisory guidelines sentencing range would have been 70 to 87 months.  See supra at 11.  On resentencing, the Court therefore might conclude that an appropriate sentence is one that is shorter than the time Booker already has served.  The harm of unconstitutional deprivation of liberty is too great to delay any decision in resentencing where this Court already has determined that Booker is serving an unconstitutional sentence under ACCA.  See United States v. Sheffield, 832 F.3d at 313 ("[A]n unconstitutionally vague

Guidelines provision that has the effect of doubling or tripling a defendant's sentence is

constitutionality troublesome in its own right.").

### III.  CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that defendant's motion under 28 U.S.C. § 2255 to vacate, set aside,

or correct sentence by a person in federal custody [Dkt. 106] is GRANTED; it is

FURTHER ORDERED that defendant's supplemental motion to vacate judgment

under 28 U.S.C. § 2255 [Dkt. 110] is GRANTED; it is

FURTHER ORDERED that the Probation Office shall revise the guidelines

computation, criminal history, and personal history in the presentence investigation report in

anticipation of a prompt resentencing, to be scheduled as soon as possible; and it is

FURTHER ORDERED that counsel shall meet and confer to discuss a schedule

for filing sentencing memoranda and a date for the resentencing hearing.  In doing so, they shall

confer with the Probation Office regarding the revised presentence investigation report and with

the Clerk of Court and/or the United States Marshal to arrange for Mr. Booker's return to this

Court for resentencing.  Counsel shall file a joint status report with the Court on or before

March 15, 2017.

SO ORDERED.


/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  March 2, 2017