UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. NO. 04-49 (PLF) |
| | : | |
| CHARLES BOOKER, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia respectfully submits this Memorandum in Aid of Sentencing in the above-captioned case. In support of this pleading, the government relies on the points and authorities cited herein, and such other points and authorities that may be cited at sentencing.

A. PROCEDURAL HISTORY

Mr. Booker was convicted by a jury of the following offenses on May 10, 2004: (1) unlawful distribution of cocaine base; (2) unlawful possession with intent to distribute cocaine base; (3) use of a firearm during a drug trafficking offense ("924(c) offense"); and (4) and unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year ("922(g) offense"). After his original sentence was vacated on direct appeal, he was resentenced to concurrent terms of 10 years of imprisonment for each of the drug offenses, a consecutive term of 5 years of imprisonment for the 924(c) offense, and a consecutive term of 15 years of imprisonment under the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e), for the 922(g) offense on April 25, 2006 [Dkt 74].

On April 26, 2016, Mr. Booker filed in the D.C. Circuit a *pro se* petition for leave to file a second or successive § 2255 motion challenging his sentence in light of the Supreme Court's

decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).   The D.C. Circuit permitted Mr. Booker to proceed with his motion on June 10, 2016 [Dkt 107].   Mr. Booker's new counsel, the Federal Public Defender Service, filed a supplemental motion to vacate Mr. Booker's sentence under 28 U.S.C § 2255 on October 26, 2016, claiming that Mr. Booker's criminal history did not qualify for sentencing under the ACCA or for the application of the career offender provision under Section 4B1.1 of the U.S. Sentencing Guidelines (the "USSG") [Dkt 110].

The United States responded to Mr. Booker's motion on January 23, 2017 [Dkt 113].   In its brief, the government agreed that two of the convictions relied upon by Judge Urbina with respect to Mr. Booker's re-sentencing—attempted robbery in Washington, D.C. and second-degree assault in Maryland—do not qualify as violent felonies under the "elements" clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(i), and that, therefore post- *Johnson*, defendant's incarceration term under the ACCA resulted in the illegal imposition of a sentence above the 10-year statutory maximum.   The government then requested that Mr. Booker's sentence be corrected to the extent that it had been unconstitutionally enhanced under the ACCA.   However, the government argued that Mr. Booker's claims under the USSG were not similarly meritorious and requested that the Court stay disposition of the action as to those claims in light of the pending Supreme Court decision in *Beckles v. United States*, No. 15-8544, 2007 WL 855781 (Mar. 6, 2017).

In determining that Mr. Booker's convictions for attempted robbery and second-degree assaults do not qualify under the ACCA's elements clause, the government cited the Supreme Court's explanation that courts employ a "categorical approach" to assess "how the law defines the offense and not . . . how an individual offender might have committed it on a particular occasion."   *Johnson*, 135 S. Ct. at 2557 (quoting *Begay v. United States,* 553 U.S. 137, 141

(2008)).   Under this approach, if the statute defining the potentially qualifying offense encompasses conduct that would not be treated as violent under the ACCA, the offense is not categorically considered a violent felony.  *See Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013).   The government conceded that neither attempted robbery nor second-degree assault, as defined by the D.C. and Maryland Codes respectively, require the use, attempted use, or threatened use of force.   Because those statutes are indivisible, only the elements of the crimes themselves can be considered in determining whether the ACCA applies.   And under this categorical approach, neither qualifies.  *See United States v. Sheffield*, 832 F.3d 296, 314 (D.C. Cir. 2016) (D.C. attempted robbery "does not qualify as a crime of violence as a categorical matter"); *United States v. Royal*, 731 F.3d 333 (4th Cir. 2013) (Maryland second-degree assault "does not constitute a predicate 'violent felony' supporting a sentencing enhancement under ACCA.").

Although the government agreed that Mr. Booker should be resentenced with respect to his ACCA claim, the government disputed that he should be resentenced under the USSG.   In addition to challenging the procedural defects with respect to his Guidelines request, the government argued that, as an equitable matter, Mr. Booker should not benefit from a lower Guidelines range calculation at a resentencing ordered because he was sentenced unconstitutionally under the ACCA.   The government maintained that similarly situated defendants with stand-alone Guidelines claims—unaccompanied by voided ACCA sentences— would not likewise have their sentences adjusted.

On March 2, 2017, this Court granted Mr. Booker's motion under 28 U.S.C. §2255 [Dkt 116].   In its decision, the Court concluded that only one of Mr. Booker's three prior felony

convictions could serve as a predicate under the ACCA—his conviction for possession with intent to distribute cocaine in 2001-FEL-1626 (D.C.).  The Court noted that the parties agreed that Mr. Booker's other two convictions were not violent felonies under the elements clause, as discussed above.  Nor were those convictions for offenses specifically listed in 18 U.S.C. § 924(e)(2)(B)(ii).  Thus, Mr. Booker does not qualify as an armed career offender under 18 U.S.C. § 924(e)(1).  In addition, the Court determined that, notwithstanding the government's request that it not address Mr. Booker's USSG claim, it would vacate the entirety of Mr. Booker's sentence in light of its conclusion as to the inapplicability of the ACCA.  March 2, 2017 Opinion and Order ("3/2/17 Op. and Order") at 13-14.  Rejecting the government's argument as to the inequities associated with permitting Mr. Booker to be resentenced when similarly situated defendants—but lacking a cognizable ACCA claim—would not, the Court stated that "[p]rinciples of equity support unbundling the sentencing package and imposing a new sentence because Judge Urbina relied on Booker's status as an armed career criminal in crafting an aggregate sentence of 30 years." *Id*. at 14.  The Court ordered that the Probation Office prepare a revised presentence investigation report ("PSR") and that the Parties confer regarding a schedule with respect to a resentencing hearing for Mr. Booker.

      Following the Court's 3/2/17 Op. and Order in this matter, the Supreme Court held in *Beckles* that the USSG's career offender "residual" clause remains valid after *Johnson* because the USSG, unlike the ACCA, "do not fix the permissible range of sentences," and thus "are not subject to a vagueness challenge under the Due Process Clause."  2017 WL 855781, at *6.

      The parties are now before the Court following the receipt of a revised PSR.

## B.  SENTENCING CONSIDERATIONS- 18 U.S.C. § 3553(a) FACTORS

The parties are in agreement with respect to minimum and maximum terms of incarceration and supervised release for each of the offenses of which Mr. Booker was found guilty.   The parties further agree that, and as stated in the Court's 3/2/17 Op. and Order, Mr. Booker does not qualify for an enhancement under the ACCA.   Finally, the parties agree that Mr. Booker's total offense level is 20 and that his criminal history category is V, resulting in a USSG range for imprisonment of 63-78 months.   By statute, Mr. Booker also faces a mandatory consecutive sentence of five years for the 924(c) offense, increasing the total USSG range for imprisonment to 123-138 months.   As the Court previously found, Mr. Booker has already served 13 years or 156 months.

The Court is clearly acquainted with Mr. Booker's criminal history.   Mr. Booker has four previous convictions.   Those convictions are for the following conduct:

- <u>1996 Attempted Armed Robbery (D.C.)</u> in which Mr. Booker and two other persons were armed with pistols.   The victim was ultimately shot and killed.   Mr. Booker received a sentence of three years under the Youth Rehabilitation Act.

- <u>2000 Second Degree Assault (Maryland)</u> in which Mr. Booker struck his ex-girlfriend in the head with a revolver.   Mr. Booker was belligerent at the time of his arrest and had to be restrained to avoid injuring one of the

officers.  Mr. Booker received a sentence of four years with all but 18 months suspended.

- <u>2001 Unlawful Possession with Intent to Distribute Cocaine (D.C.)</u> in which Mr. Booker was arrested in the 1200 block of Howison Place S.W. with 35 ziplock bags containing cocaine base and three tinfold pieces containing phencyclidine.  Notably, this location was the same as the offense location in this sentencing matter.  Mr. Booker received a two-year sentence with 15 months suspended.

- <u>2002 Contempt (D.C.)</u> in which Mr. Booker failed to abide by a stay-away order from the 1200 block of Howison Place.  Mr. Booker was sentenced to 180 days with 120 days suspended.

Although Mr. Booker's attempted robbery and second-degree assault convictions involve violent and aggressive behavior, the government understands that neither of these convictions constitute violent conduct for statutory or USSG purposes under a categorical approach.  In addition, although the government continues to maintain that Mr. Booker has received a windfall in connection with his resentencing in so far as, post-*Beckles*, the sole error is with respect to his ACCA sentence, the government further understands that the Court is not inclined to consider a variance in this matter.

Accordingly, the government takes no position with respect to the appropriate sentence for Mr. Booker and would defer to the Court based upon the Court's review of the record and pleadings in this matter.

                        Respectfully submitted,

                        CHANNING D. PHILLIPS
                        UNITED STATES ATTORNEY


By:       /s/_____
            Kamil E. Shields
            Assistant United States Attorney
            United States Attorney's Office
            555 4th Street, N.W., Room 4124
            Washington, D.C.   20530
            Telephone: (202) 252-7507
            E-mail: kamil.shields@usdoj.gov

## **CERTIFICATE OF SERVICE**

     I, Kamil E. Shields, certify that, on this 18th day of April, 2017, the government filed a copy of the foregoing Memorandum in Aid of Sentencing on the Electronic Case Filing ("ECF") system and served a copy on counsel for Mr. Booker, Celia Goetzl, Esquire, through ECF.

                                          /s/
                                         Kamil E. Shields
                                         Assistant United States Attorney